## MATHEWS v. HOGAN.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. LANDLORD AND TENANT ☞22—LEASE—WHAT CONSTITUTES.
    An agreement for renting property, reached by correspondence, will not amount to a lease, where it is understood that a formal lease is to be drawn and executed.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. ☞22.]

2. LANDLORD AND TENANT ☞34—AGREEMENT FOR LEASE—BREACH.
    Where an agreement for the sublease of premises was reached by correspondence, but the landlord, whose consent to the sublease was necessary, refused to permit part of the agreement to be performed, defendant could refuse to accept the lease as offered by the landlord without liability to plaintiff.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. ☞34.]

3. LANDLORD AND TENANT ☞49—BREACH OF CONTRACT—EVIDENCE.
    In an action for breach of an agreement to take a sublease, evidence was given that when defendant saw the landlord, whose consent was necessary, she stated that there must be a place for her colored manservant, but the landlord's reply thereto was excluded. Held error, since, if the landlord refused to permit defendant's man on the premises, defendant would have been justified in refusing the lease prepared by the landlord, because not in accordance with the agreement between plaintiff and defendant.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 117–119; Dec. Dig. ☞49.]

─────────

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Trial Term.

Action by Currie D. Mathews against Gertrude E. Hogan. Judgment for plaintiff, and defendant appeals. Reversed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

O'Brien, Boardman & Platt, of New York City (Livingston Platt and Henry F. Herbermann, both of New York City, of counsel), for appellant.

John Thomas Smith, of New York City (Ralph G. Coad, of New York City, of counsel), for respondent.

PAGE, J. This action was brought to recover damages for breach of a lease by the defendant's refusal to take possession of the premises and pay rent thereunder. Judgment was recovered for the amount of the rent for the full term, less rent received on a reletting to another person.

[1, 2] The plaintiff had a lease of an apartment which she desired to rent furnished for a short term. It is claimed that the defendant entered into a lease of the premises for a term of six months and that the lease is evidenced by certain telegrams and a letter. It is evident, however, that these did not constitute the lease, for it was understood that the lease was to be prepared by the landlord's agent, whose consent was necessary to a sublease. It was contended that the defendant from the first made it a condition of hiring that there should be rooming and toilet facilities for the colored manservant. When the lease was presented for her signature, there was a clause providing that no male servants were allowed to room on the floor where this apartment was situated, and it appeared that there were no toilet facilities provided for male servants on that floor.

[3] When the defendant called upon the landlord's agent, prior to the commencement of the term, she stated that she had a negro manservant, and then the agent was prevented from stating what he said in reply by the court sustaining an objection, to which the defendant excepted. The agent should have been allowed to state the conversation, for, if it appeared that the landlord refused to allow defendant's manservant upon the premises, it would show that the plaintiff was unable to give a lease upon the terms that had been agreed upon, and would have been a complete justification for the defendant's refusal to sign the lease and take possession of the premises.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.